UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDREW CORPUS,

    Plaintiff,

v.                                Case No. 4:21-cv-478-WS/MJF

SECRETARY DEPARTMENT OF
CHILDREN AND FAMILIES, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's complaint. Doc. 1. Because the Middle District of Florida is the appropriate venue, the undersigned respectfully recommends that this case be transferred to the United States District Court for the Middle District of Florida.[1]

### I. BACKGROUND

Plaintiff, proceeding *pro se*, is civilly committed to the Florida Civil Commitment Center in Arcadia, Florida. Plaintiff's complaint is difficult to

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

decipher,[2] but it appears that Plaintiff alleges that Defendants used solitary confinement for periods that "far exceeded what could be justified by considerations of either security or treatment." Doc. 1 ¶ 43. More specifically, Plaintiff alleges that Dr. Emily placed Plaintiff in solitary confinement on January 30, 2020, after an employee wrote a false disciplinary report. While in solitary confinement, Plaintiff was locked in a small cell with three other residents, was taken out of the tiny cell for only one hour each day for a shower and some "fresh-air," and was not provided cleaning supplies for the cell. *Id.* ¶¶ 42, 78. Plaintiff remained in solitary confinement until June 8, 2020. *Id.* ¶¶ 59-60. On June 9, 2020, after someone filed another allegedly false disciplinary report, someone again placed Plaintiff in solitary confinement. Plaintiff allegedly remains in solitary confinement under the same conditions. *Id.* ¶¶ 61, 78. It appears that Plaintiff is attempting to assert claims under the Fourth, Eighth, and Fourteenth Amendments.

## II. DISCUSSION

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part

---

[2] The complaint also violates the Local Rules of the United States District Court for the Northern District of Florida, which provide that a civil-rights complaint filed by a *pro se* litigant may not "exceed 25 pages." N.D. Fla. Loc. R. 5.7(B).

of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a civil action is brought in the wrong forum, the district court may transfer it to the proper forum. *Id.* § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *id.* § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The decision to transfer an action is left to the "sound discretion of the district court." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

The Northern District of Florida is not the proper venue for this action. Plaintiff asserts that the events giving rise to this case occurred in the Florida Civil

Commitment Center. That institution is located in the Middle District of Florida. Thus, it is likely that any evidence relevant to this case is located in the Middle District of Florida, including any witnesses. As the proper venue for this action is the Middle District of Florida, it is in the interest of justice to transfer this case to that forum.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS**:

1. This case be **TRANSFERRED** to the United States District Court for the Middle District of Florida.

2. The clerk of the court close this file.

At Pensacola, Florida, this 2nd day of December, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the**

**district court's order based on unobjected-to factual and legal conclusions.** ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636.**